May it please the Court, Daniel Broderick of the Federal Defender's Office, on behalf of Mr. Coleman, I'm going to attempt to save two minutes for rebuttal. In Mr. Coleman's case, at page 18 of the excerpts, the jury was told to consider each instruction and not ignore any instruction. So when the jury got to the court's elements instruction, they said only, quote, the following elements must be proved. The jury had to determine from that who bore the burden of proving each element and what that burden was. Now, in examining all the instructions, as they were told to do, the jury encountered two types of burden instructions, preponderance and beyond a reasonable doubt. There were no instructions at all on how to reconcile these two disparate burdens of proof. Well, except the Court told the jury that it had to show that each circumstance necessary to establish guilt must be proved beyond a reasonable doubt. That's what it was told. It did, Your Honor, that's correct. And it's the fact reasonable doubt was mentioned, I think it's about eight times in the instructions and preponderance was mentioned once. Then there's this funny preponderance thing floating out there. Correct. And the problem with that, Your Honor, is that Justice Scalia, in speaking for a unanimous Supreme Court, it can't get more settled than a unanimous Supreme Court, stated that if an instructional error consists of a misdirection of the burden of proof, that error is not subject to harmless error analysis. And Middleton v. O'Neill told us, despite our, I might say, brilliant way of dealing with the case in the first place, told us, you characters don't know what you're doing. You've got to read instructions together and not get yourself mixed up with arcane theoretical concepts. Correct. Correct, but I don't think there's anything arcane, theoretical, or even ambiguous in the actual preponderance instruction. It's fairly clear. It says how you examine evidence by a preponderance. And the jury was given absolutely no instruction on what to do with that. Well, but if you read it in context, when they're talking about preponderance, it said if you committed a prior offense involving domestic violence, you may better know that you're not required to infer a disposition. And then it goes on to tell you what preponderance means, a disposition. But then, every time it talks about what you need to prove on the elements of the crime, it uses the words reasonable doubt. Is that correct? Actually, the elements of the linkage of reasonable doubt to the term elements of the crime is only said once in the entire jury selections. That's on page ER-26. It's right after the preponderance. Well, I think it says the two. I think here it says each fact which is a stint on page 20, it says, each fact which is essential to complete a set of circumstances necessary to establish the defendant's guilt must be proved beyond a reasonable doubt. Right, Your Honor. That's in the context of circumstantial evidence in the chain of circumstances. But each fact must be beyond a reasonable doubt. I don't dispute at all, Your Honor. I clearly can't dispute. I don't dispute at all that in the jury instructions, the jury was given instructions on reasonable doubt. The pages, in fact, for Your Honor, that reasonable doubt is mentioned are 20, 26, 27, 33, 35, 37, 38, 39. So it's mentioned, and no question it's mentioned. What do you do, then, with the fairly longstanding principle that Judge Fernandes mentioned, which is you do need to take the jury instructions as a whole? Oh, I don't dispute at all that you need to take the jury instructions as a whole. What I'm getting at is there's a fairly marked split in the Supreme Court. And I think I'd characterize the split as the Boyd analysis versus the Sullivan analysis. The Boyd analysis, which is the analysis that the court of appeal in the State used. They didn't refer to Boyd, but they referred to the principle as it came through a California court of appeal opinion. The Boyd analysis specifically says that if you have an ambiguous jury instruction that doesn't go to burden of proof, then you use harmless error analysis. And the harmless error analysis then determines, is it harmless in the context of all the other jury instructions? What Justice Scalia did in his opinion in Sullivan, very, very carefully and far more articulately than I could do, what Justice Scalia did is he said, with respect to burden of proof instructions, when we get to misdirected burden of proof instructions and everybody agrees that preponderance of the evidence is a burden of proof instruction, when we get to a misdirected burden of proof instruction, you don't go farther, because you don't know. And it is pure speculation from this Court, the court of appeals, to determine what did the jury do with that. But it wasn't misdirected. It's not like Gibson at all. In Gibson, that makes a lot of sense, because it was misdirected, I think it's Gibson. Because you could say in Gibson, well, a jury could decide that he did it by a preponderance of the evidence. In fact, in Gibson, we sort of said, well, if they hadn't said that, it would have been okay. Right. But they said specifically, you could find he committed the crime, not quite specifically, but specifically enough, by a preponderance of the evidence. There's not a whisper of that in this case. Right, Your Honor. And because there's not a whisper, Your Honor's saying that because they weren't given a road map to go down the unconstitutional road, they must not have done that, and there's nothing to suggest that's correct. They weren't told in Gibson that this is the road map to get to the unconstitutional results, but there's not a single thing in that jury instruction that prevents the jury from doing that. Sure, there is. The jury was told specifically you must find the elements of the crime beyond a reasonable doubt. It was told that specifically. It was not ever told or suggested to it that it could find the elements by a preponderance of the evidence. Now, if it inferred his disposition, that could be by a preponderance of the evidence, couldn't it? Yeah, absolutely. They could infer his disposition to commit all of these offenses by a preponderance of the evidence. His disposition by a preponderance, and that would not be unconstitutional, would it? If they inferred his disposition. The mere inference of his disposition? Merely that.  The Supreme Court has never said whether that's constitutional or not. It's never said that. By the statute. Never mind disposition, but we know in general that prior offenses can be proved by a preponderance of the evidence. Yes. Just because they're threshold kind of things. 404B, absolutely, Your Honor. Here it happens, all that's occurring is against our normal principles, we're not going to use preponderance of the evidence to show disposition. Correct. Usually we use them to show impeachment, that kind of thing. But it's clear that that wouldn't, if they used it that way, that wouldn't be a problem. And they are never, ever told that they can use preponderance to find the elements of the crime. In fact, they're told specifically the opposite. It looks to me like it's very much. Wait, wait, wait, wait, wait, you said they're told specifically the opposite. They're not told anything about how they can't use preponderance. There's no indication how they can use preponderance. They're told specifically. The people must prove beyond a reasonable doubt every essential element of the crime. Yes, absolutely. You couldn't tell them more specifically than that. Right. You couldn't tell them more specifically. But the problem is, Your Honor, when you give a jury another burden of proof, which they did, it's a misdirected you know, you're, Your Honor, saying it's not directed in the same way as Gibson, but it's clearly misdirected. It shouldn't even be there. Let me get one, one, I want to save a little bit of time. Did you want to save any time for rebuttal? I understand your argument. Just real quickly. What they're talking about, what the State did is said, let's say we had an abstract expert instruction or an abstract stipulation instruction or an abstract instruction that's just out there, no way to connect it up, okay, that's harmless error, okay? But when you have something on the burden of proof, you are totally speculating, you have to, on what the jury did with that. I'll save the rest for rebuttal. Thank you. Good morning, Your Honors, and may it please the Court. I'm Mark Johnson, Deputy Attorney General from the California AG's office, appearing on behalf of a pally respondent here. Could you speak up just a little more? Thank you. Is this better? Yes. Okay. Let me start with the obvious. This is an ADPA case, and what needs to be shown was that the State court's determination of this matter was objectively unreasonable or conflicted with controlling the United States Supreme Court precedent. What we have in our hands here in this case is an ambiguous jury instruction regarding preponderance of the evidence, which is apparently untethered to anything at all. And it was very reasonable in this case for the California courts to determine that there was no reasonable likelihood that this instruction misled the jury in an unconstitutional manner. With respect to the Supreme Court law on that point, would you address Mr. Broderick's argument that this is really more of a Sullivan rather than the Boyd standard, which was inferentially incorporated by the State court? Yes, Your Honor, I would. In this is, in my view, very clearly a Boyd situation, a Boyd-Estelvi-McGuire situation. In Sullivan and that line of cases, they deal with instructions that affirmatively misstate the burden of proof. And what we have here is an instruction that's merely ambiguous. And under the Boyd test, there's certainly no reasonable likelihood that this instruction affected the outcome here. And this is true for a number of reasons. First, it's important to say, as Judge Fernandez pointed out, this instruction is very different than the one at issue in Gibson v. Ortiz. This instruction merely said that if you find prior instances of spousal abuse, domestic violence, you can infer that the defendant had a disposition. The only reasonable conclusion to be drawn from that is, in other words, you can use that as circumstantial evidence, circumstantial evidence. And the jury was expressly told that they had to find that the circumstantial evidence all had to add up to proof beyond a reasonable doubt. In fact, the jury here was beaten over the head with the principle of reasonable doubt. The instructions here predominate that issue. And to the extent that this preponderance instruction, which was untethered to anything, came to the jury's attention at all, it wasn't raised by either of the parties in closing statement. And in the final instructions given by the Court here, the Court did direct the jurors to disregard any instruction that they found to be inapplicable. So in this case, there's – even if this were not an ADPA case, there would be no basis to find that there is a reasonable likelihood that the jurors use this instruction in a constitutional manner. But given the heightened scrutiny and deference required under ADPA, the California court's finding on this matter was at the very least reasonable. If the Court has no further questions. It appears not. Thank you. Thank you, Your Honors. We have some time for rebuttal. Very quickly, and this is – I'll direct this to Judge Trager. What I'm saying is that when the – no, because it's like the – when you make a mistake in jury instructions on burden of proof, it's like the third rail of a Brooklyn subway. That's it. That's it. You touch that rail, it's over. And it's exactly what I'm talking about. That's the difference between Sullivan and Boyd and all the rest of the cases. If you look at all those cases, and I do mean all those cases, Boyd, it was an instruction on consideration of mitigation evidence. Estelle v. McGuire, instruction on the use of prior act evidence. Sandstrom v. Montana, instruction on the burden of proof, reversed. Francis v. Franklin, instruction on the burden of proof, reversed. Sullivan, Gage v. Louisiana, instructions involving the burden of proof, reversed. You make an error, and I agree with Your Honor that everything else – if I didn't – if that preponderance instruction was not in Mr. Coleman's case, he loses, period. He loses. It's the existence of that error that we don't know what the jury did with that error or that thing that we can't go any farther – we meaning you, I'm sorry – that the court can't go any farther. What's the role of – what's the role of AEDPA here? AEDPA – AEDPA just looks at – at what did – what did the California Court of Appeal do, and in this particular case, what the California Court of Appeal did is they applied the Boyd standard, or the harmless error, substantial effect, and not the Sullivan standard. That's a misapplication of clearly established Supreme Court law. Isn't the test still whether it was – whether judges could reasonably read it the way they did? Oh, I don't – I don't dispute, Your Honor, that the State Court of Appeal reasonably read the Boyd standard. They just misapplied that standard to the facts of this case. They don't mention the Sullivan issue at all in the California Court of Appeal opinion. They don't talk about it at all. And that was post Boyd. That was specifically to address the issue that came up in this type of case, is when we have an error on standard of proof, do we use harmless error analysis to examine that error? And Judge Scalia and the unanimous court said no. Thank you. The case just argued of Coleman v. Butler is submitted.
judges: Fernandez, McKeown, Trager